B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Candace Marie Bars | DEFENDANTS<br><br>Atif Sheikh |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>David Craig Bernstein Esq.<br>The Law Offices of David C. Bernstein<br>9454 Wilshire Boulevard, Suite M-5<br>Beverly Hills, California 90212 | ATTORNEYS (If Known)<br>Steven M. Gluck, Esq.<br>The Law Offices of Steven M. Gluck<br>1313 Post Ave<br>Torrance CA 90501 |
| PARTY (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>☑ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Determination of Non-Dischargability 11USC § 727 (a)(4)(A) (false oath);
Fraudulent Concealment/ Misrepresentation 11 USC §§ 523 (a)(2)(A), 523 (a)(2)(B)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $100,000 |

Other Relief Sought

Punitive Damages, Attorney's Fees

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Atif Sheik | | BANKRUPTCY CASE NO.<br>1:18-bk-11471-VK | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District | | DIVISION OFFICE<br>San Fernando Valley | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br><br>11/05/18 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>David Craig Bernstein | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

David Craig Bernstein 122147
LAW OFFICE OF DAVID CRAIG BERNSTEIN
9454 Wilshire Boulevard, Suite M-5
Beverly Hills, California 90212
Telephone: (310) 288-0854
Email: david@davidbernsteinlaw.com
Fax: (310) 288-0157

Attorney for Plaintiff Candace Marie Bars

## US BANKRUPTCY COURT-CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY

| | |
|---|---|
| IN RE: | CASE NO.: 18-bk-11471 VK |
| ATIF SHEIKH AND NAUREEN SHEIKH, | Chapter 7 |
| Debtors. | **Adversary Case No.** |
| | **COMPLAINT TO DETERMINE DISCHARGEABILITY AND IN OBJECTION TO DISCHARGE** |
| CANDACE MARIE BARS, | **[11 U.S.C. §§ 727(a) (4) (A); 523(a)(2)]** |
| Plaintiff, | **DEMAND FOR JURY TRIAL** |
| vs. | |
| ATIF SHEIKH, | |
| Defendant. | |

CANDACE MARIE BARS, ("Plaintiff") alleges the following against Debtor-Defendant Atif Sheikh:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to the provisions of the 28 U.S.C. §1334, and 11 U.S.C. §§ 727, 523 and 365. This is a core proceeding under 28 U.S.C. §§ 157(B)(2)(I) and (J).

2.      The venue herein is proper pursuant to the provision of 28 U.S.C. §1409.

3.      Defendant Atif Sheikh ("Defendant") is not eligible for discharge as a debtor in his bankruptcy action pursuant to 11 U.S.C. §§ 727(a)(4)(A) and (5). Sheikh is indebted to plaintiff creditor as fully detailed below, and the debt is not dischargeable in bankruptcy by virtue of the provisions of 11 U.S.C. §§ 523(a) (2), 523(a)(3)(B), and 11 U.S.C. § 507(a)(2)(A) [unsecured priority debt for unpaid wages.]

### GENERAL ALLEGATIONS

4.      On June 9, 2018, Defendant Atif Sheikh ("Defendant") filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code, and an order for relief was entered on that date.

5.      When Defendant filed his petition, he was fully aware that Plaintiff asserted claims against him and/or numerous shell companies for wrongful retaliatory termination in violation of the Fair Employment and Housing Act (CA Gov. C. § 12940 et seq.) wrongful retaliation for whistleblowing in violation of CA Labor Code sections 1102.5 and 6310, for unpaid wages, and for willful issuance of inaccurate and defective Labor Code section 225 itemized wage statements to Plaintiff. On or about October 24, 2017, Defendant received a letter from Plaintiff's counsel notifying him of Plaintiff's claims, yet Plaintiff failed to list Plaintiff as a creditor in his initial filings, and did not do so until on or about September 28, 2018, after Plaintiff, who was unaware of Defendant's pending bankruptcy, filed June 9, 2018, served her pending Los Angeles Superior Court ("LASC") Complaint, filed July 12, 2018, against Defendant and his known shell entities. True and correct copies of Plaintiff's counsel's letter to the Defendant and her LASC Complaint are attached as Exhibits 1 and 2 respectively and are incorporated herein by this reference.

6.      On information and belief, Defendant filed his Chapter 7 bankruptcy proceeding in anticipation of Plaintiff's Complaint, and in response to pending litigation in the LASC filed by a third-party.

7.     Within the last three years Plaintiff was employed by Defendant and his shell

corporations, including but not limited to Black Diamond Food Group, LLC, Black Diamond

Food Group 1, LLC, and Black Diamond Food Group 2, LLC, who were all Plaintiff's "joint

employers" as that term is defined in *Martinez vs. Combs* 49 Cal.4th 35, 64 (2010).  During the

three years prior to the filing of this Complaint Plaintiff worked at several franchised "Fatburger"

restaurants owned, operated, and controlled by Defendant and/or by his shell entities. During her

employment Defendant failed to pay Plaintiff's wages, including overtime wages, repeatedly and

falsely promised to pay Plaintiff "later" without any intention of doing so.  Defendant

deliberately issued fraudulent and defective Labor Code section 226 itemized wages statements

to Plaintiff and her co-workers within which Defendant deceitfully concealed the name, address,

and telephone number of Plaintiff's true employer(s) in an effort to skirt liability for obligations

owed to Defendant's employees event Plaintiff or his other employees sought to enforce their

rights to safe working conditions and wages. Defendant deliberately understated the number of

regular and overtime hours that Plaintiff worked, all in deliberate and fraudulent violation of

California Labor Code section 226. A true and correct example of one of Defendant's

fraudulently issued wage statements is attached hereto as Exhibit 3 and incorporated by this

reference.

### FIRST CLAIM FOR RELIEF

(For a Determination That Defendants' Debts Are Not Dischargeable Pursuant to 11 U.S.C.

§727(a)(4)(A))

8.     Plaintiff incorporates by reference the allegations contained in paragraphs 1

through 6 above as though set forth fully herein.

9.     On June 9, 2018, Defendant filed a Voluntary Petition for Bankruptcy with this

court. He swore under penalty of perjury that the information which he provided in the Petition

was true and correct.

10.    On Schedule B of his Petition, Line 35, Defendant stated that together with his

wife he owned 100% interest in Black Diamond Food Group, LLC. Defendant however, on

information and belief, failed to state that Defendant also owns an interest in Black Diamond Food Group 1, LLC and Black Diamond Food Group 2, LLC, Safia Food Group, LLC, Capri Park, LLC, Capri Park 1 LLC and Capri Park 2 LLC.

11.     On the Statement of Financial Affairs, Part 11, Line 27, while Defendants disclosed their ownership interest in the Black Diamond Food Group, LLC, they failed to disclose their ownership interest on the limited liability companies such as Black Diamond Food Group 1, LLC, Black Diamond Food Group 2, LLC, Safia Food Group, LLC, Capri Park, LLC, Capri Park 1 LLC and Capri Park 2 LLC.

12.     Plaintiff is informed and believes, and therefore alleges that on June 9, 2018, Defendants owned and still own interest in all seven limited liability companies but only disclosed ownership of Black Diamond Food Group, LLC which is a suspended LLC and not the ownership of the two other LLC's such as Black Diamond Food Group 1, LLC and Black Diamond Food Group 2, LLC, Safia Food Group, LLC, Capri Park, LLC, Capri Park 1, LLC and Capri Park 2 LLC, in Schedule B, and also failed to disclose the latter 6 other limited liability companies in the Statement of Financial Affairs Line 27.

13.     Defendants' failure to include their ownership of Black Diamond Food Group 1, LLC and Black Diamond Food Group 2, LLC, Safia Food Group, LLC, Capri Park, LLC, Capri Park 1, LLC and Capri Park 2 LLC is a deliberate omission of a material matter constituting a false oath or account in connection with the case.

14.     Defendants failed to disclose their ownership of these limited liability companies and their assets with the intent to mislead creditors and the trustee as to the Defendant's true financial condition, or with reckless disregard for the truth with regard to a matter material to the case.

15.     As a direct and proximate result of Defendant's material concealment and acts alleged above, Plaintiff suffered wage losses, emotional distress, attorney's fees and associated harm all in an amount not yet ascertained but according to proof at the time of the trial of the action.

## SECOND CLAIM FOR RELIEF

(For a Determination That Defendants' Debt to Plaintiff is Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(2)(A), 523(a)(2)(B) – Defendant's Fraudulent Concealment/Misrepresentations

15.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 above as though set forth fully herein.

16.    Defendant deceitfully concealed the fact that he, personally and individually, was a joint employer of Plaintiff and liable for Plaintiff's wages and related unsafe working condition claims, not only Defendant's various Black Diamond Food Group limited liability companies, by personally causing to be issued CA Lab. C. § 226 itemized wages statements that deceitfully concealed, contrary to California law, the identity(ies) of Plaintiff's employer(s). Plaintiff continued to provide her services to Defendant by continuing to work at Defendant's Fatburger hamburger restaurants in reliance on Defendant's representations that a Black Diamond Food Group entity would pay her wages. Defendant falsely represented to Plaintiff that she should continue her employment at the Fatburger restaurants and deceitfully concealed his personal obligations to pay Plaintiff's wages as one of Plaintiff's "joint employers" per the *Martinez* decision, *supra.* Plaintiff reasonably relied on Defendant's fraudulent statements that a Black Diamond entity would pay her wages, and was deceived as to Defendant's employment relationship by his concealment of that fact from the itemized wage statements Defendant issue to Plaintiff.  Defendant intended Plaintiff to so rely on the false wage statements by omitting his name from the itemized wage statements issued to Plaintiff.  A true and correct copy of a representative itemized wage statement issued to Plaintiff is attached as Exhibit 3 and incorporated by this reference.

17. As a direct and proximate result of Defendant's fraudulent concealment and misrepresentations alleged above, Plaintiff has suffered harm wage losses, emotional distress, attorney's fees and associated harm all in an amount not yet ascertained but according to proof at the time of the trial of the action in an amount according to proof but in excess of $100,000.00.

1    Plaintiff also is entitled to statutory attorney's fees, punitive damages, and/or "treble damages"

2    assessed on account of his fraudulent conduct. *Muegler v. Bening*

3    413 F.3d 980, 983 (9th Cir. 2005).

4         WHEREFORE, Plaintiff prays for the entry of judgment against defendants as follows:

5         1.    That the Court determine that the debts of defendant be ruled non-dischargeable

6    as a result of defendant's knowingly and fraudulently making a false oath in connection with a

7    bankruptcy case by virtue of the provisions of 11 U.S.C. § 727(a)(4)(A); and

8         2.    That the Court determine that the debt owed to plaintiff by defendants as a result

9    of defendant's false pretenses and/or false representations, upon which plaintiff relied to her

10    detriment, and as a result of defendants' willful and malicious injury to plaintiff, is non-

11    dischargeable by virtue of the provisions of 11 U.S.C. §§ 523(a)(2);

12         3.    For an award of attorney's fees as allowable by law in an amount the Court

13    determines to be reasonable;

14         4.    For costs of suit herein incurred; and

15         5.    For such other and further relief as this Court deems just and proper.

17         PLAINTIFF DEMANDS A JURY TRIAL

19    Dated: November 6, 2018

20         LAW OFFICE OF DAVID CRAIG BERNSTEIN
By:

21    /S/ David Craig Bernstein

22    David Craig Bernstein, Esq.
Attorney for Plaintiff Candice Bars

# EXHIBIT 1

LAW OFFICE OF

# DAVID CRAIG BERNSTEIN

October 24, 2017

Atif Sheikh
25345 Prado de Naranja
Calabasas, California 91302

Atif Sheikh
BLACK DIAMOND FOOD GROUP, LLC
1507 West Beverly Boulevard
Montebello, California 90640

Attention Human Resources
FATBURGER NORTH AMERICA
FATBURGER CORPORATION
9606 Santa Monica Boulevard, Penthouse
Beverly Hills, California

      Re: *Candace Marie Bars*

      Dear Mr. Sheikh et al.,

      I represent Candace Marie Bars in connection with her claims against Atif
Sheikh, Black Diamond Food Group 2, LLC, and Fatburger North America, Inc., jointly
and severally, for wrongful retaliatory termination in violation of the Fair Employment
and Housing Act (Gov. C. § 12940 *et seq.*), California Labor Code §§ 1102.5 and 6310,
and additional sections of the California Labor Code too numerous to list here, but
including sections 201, 202, 204, 226, and 510. As to joint liability, see *Martinez v. Combs*
49 Cal. 4th 35 at 64. (2010). Attached is a Designation of Attorney confirming my
representation of Ms. Bars.

      Demand is made that you allow me to inspect and copy: 1. Ms. Bars's entire
personnel file, including employee handbooks (Lab. C. § 1198.5), 2. All documents
signed by Ms. Bars in the course of her employment (Lab. C. § 432), and 3. All itemized
wage statements issued to Ms. Bars during her employment (Lab. C. § 226(c). As you

# LAW OFFICE OF DAVID CRAIG BERNSTEIN

Atif Sheikh
BLACK DIAMOND FOOD GROUP 2, LLC
FATBURGER NORTH AMERICA
Re:  *Candace Marie Bars*
October 24, 2017
Page 2

may already know, the Labor Code requires production of an employee's personnel
filed within thirty (30) days of a request, and production of all itemed wage statement
within 21 days of a request. If the records are not produced, an aggrieved employee
may file suit to compel production and recover attorney's fees and costs incurred in
having to do so. (*See* Lab. C. §§ 1198.5(l); 226(e)(1).)

In anticipation of litigation I request that all evidence relating to Ms. Bars'
employment by Fatburger be preserved, including but not limited to records of cash
payments of wages, time records, and all communications, including electronically
stored communications such as e-mail, text messages, and communications by way of
messaging apps such as such as Snapchat, Facebook Messenger, Whatsapp, Instagram,
etc. It is unlawful for you to destroy records pertain to Ms. Bars.

I look forward to receipt of the evidence identified herein.  If you have an
attorney representing you in this matter, I look forward to speaking with him or her.

Sincerely,

David Craig Bernstein

Encl.

# LAW OFFICE OF
# DAVID CRAIG BERNSTEIN

### DESIGNATION OF ATTORNEY

TO WHOM IT MAY CONCERN:

I have retained David Craig Bernstein to represent her in connection with claims against Fatburger, Black Diamond Food Group, and Atif Sheikh for unpaid wages and associated claims.

Please cooperate with Mr. Bernstein's request for information and provide him with copies of all incident reports, supplemental reports witnesses statements, and narratives related to this incident.

Thank you for your professional cooperation and assistance.


Dated: October 21, 2017

Candace Bars

# EXHIBIT 2

Dept. # 42 Assigned Kendig

**FILED**
Superior Court of California
County of Los Angeles

JUL 12 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By _____ , Deputy
        Jenny Tang

1  David Craig Bernstein 122147
   LAW OFFICE OF DAVID CRAIG BERNSTEIN
2  9454 Wilshire Boulevard, Suite M-5
   Beverly Hills, California 90212
3  Telephone: (310) 288-0854
   Fax: (310) 288-0157
4  Email: david@davidbernsteinlaw.com

5  Attorney for Plaintiff Candace Marie Bars

6

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF LOS ANGELES

10

11 | CANDACE MARIE BARS,                ) CASE NO.:     **BC714078**
                                        )
12 |          Plaintiff,                ) **COMPLAINT FOR:**
                                        )
13 |     vs.                            ) 1. **Wrongful Termination in Violation of**
                                        )    **Public Policy,**
14 | ATIF SHEIK an individual, BLACK    )
   DIAMOND FOOD GROUP LLC, a California ) 2. **Whistleblower Retaliation in Violation of**
15 | limited liability company, BLACK   )    **Lab. C. § 1102.5,**
   DIAMOND FOOD GROUP 1 LLC, a         )
16 | California limited liability company, BLACK ) 3. **Intentional Infliction of Emotional**
   DIAMOND FOOD GROUP 2 LLC, a         )    **Distress,**
17 | California limited liability company, )
   FATBURGER CORPORATION a Delaware    ) 4. **Unpaid Wages and Penalties**
18 | corporation, and DOES 1 through 25, )    **(Lab. C. §§ 203, 204, 1194),**
   inclusive,                          )
19 |                                    ) 5. **Unfair Competition**
             Defendants.               )    **(Bus. & Prof. C. § 17200 et seq.),**
20 |                                    )
                                        ) 6. **Failure to Produce Personnel Records**
21 |                                    )    **(Lab. C. § 1198.5(c)),**
                                        )
22                                        7. **Willful Issuance of Inaccurate Wage**
                                             **Statements (Lab. C. § 226(e)(1)), and**
23
                                          8. **Failure to Produce Itemized Wage**
24                                           **Statements (Lab. C. § 226(c)).**

25                                        **DEMAND FOR JURY TRIAL**

26

27        Plaintiff Candace Marie Bars ("Plaintiff") alleges as follows:

28

1. Plaintiff is over the age of 18 years old and at all times relevant hereto has resided and worked in Los Angeles, California.

2. Plaintiff is informed and believes and thereon alleges that Defendant Atif Sheik, an individual, is a resident of Los Angeles County, California. Sheik owned and operated Fatburger hamburger restaurant franchises located at 3026 South Figueroa Street, Los Angeles, CA 90007 and 1507 West Beverly Blvd., Montebello, CA 90640, where Plaintiff was employed within the last three years. Plaintiff is informed and believes and thereon alleges that Defendants Black Diamond Food Group LLC, Black Diamond Food Group 1, LLC, and Black Diamond Food Group 2 LLC, are California limited liability companies owned, controlled, managed and operated by Defendant Sheik. Plaintiff is informed and believes and thereon alleges that the LLC Defendants are headquartered and domiciled at Sheik's private residence within a gated community located 25345 Prado De Naranja, in Calabasas California that is valued at nearly Four Million Dollars ($4,000,000.00). Plaintiff is informed and believes and thereon allege that Defendant Sheik was the sole or majority owner of all of the Defendants but for Fatburger Corporation. Plaintiff is further informed and believes and thereon alleges that Sheik was intimately involved with all aspects of the operation of the Los Angeles and Montebello restaurants where Plaintiff was assigned to work, including staffing, scheduling, hiring, firing, ordering supplies, marketing, sales, accounts receivable, accounts payable, and therefore Sheik was the Defendants' "managing agent" as that term is defined in *White v. Ultramar* (1999) 21 Cal.4th 563.

3. Defendant Fatburger Corporation conducts substantial business within the state of California and Plaintiff is informed and believes and thereon alleges that at the time this action was filed, its nerve center and headquarters were domiciled at 9720 Wilshire Blvd., Suite 500, Beverly Hills CA 90212.

4. Plaintiff is informed and believes and thereon alleges that within the last three years, all named defendants employed Plaintiff as a cashier and cook at a rate of $11.75 per hour. Plaintiff is informed and believes and thereon alleges that Defendants Sheik, Black Diamond

**Complaint for Damages**

Food Group, LLC, Black Diamond Food Group 1, LLC, Black Diamond Food Group 2, LLC

and Fatburger Corporation were, at all relevant times, Plaintiff's "joint employer" as that term is

defined in the California Supreme Court's decision in *Martinez v. Combs* (2010) 49 Cal.4th. 35,

52-63. In addition to Defendant Sheik's personal liability for Plaintiff's unpaid wages and

penalties as a joint employer, Sheik is personally liable for Plaintiff's unpaid wages, penalties,

interest and attorney's fees pursuant to Labor Code § 588.1, known as "A Fair Day's Pay Act,"

which provides:

> "(a) Any employer or other person acting on behalf of an employer, who violates, or
> causes to be violated, any provision regulating minimum wages or hours and days of
> work in any order of the Industrial Welfare Commission, or violates, or causes to be
> violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the
> employer for such violation."

> "(b) For purposes of this section, the term other person acting on behalf of an employer is
> limited to a natural person who is an owner, director, officer, or managing agent of the
> employer, and the term managing agent has the same meaning as in subdivision (b) of
> Section 3294 of the Civil Code."

5.    The true names and capacities, whether individual, corporate, associate, or otherwise,

of DOES 1 through 25 are unknown to Plaintiff, who therefore sues these DOE defendants by

fictitious names.  Plaintiff will amend this complaint to show the DOE defendants' true names

and capacities when they have been ascertained.

6.    Plaintiff is informed and believes and thereon alleges, that each and all of the acts and

omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting

as agents and/or employees, and/or under the direction and control of each of the other

Defendants, and that said acts and failures to act were within the course and scope of said

agency, employment and/or direction and control.  Plaintiff is further informed and believes and

thereon alleges that at all times material hereto, Defendants were and are the agents of each

other.

### General Allegations Applicable to All Causes of Action

7.    Plaintiff was jointly employed by Defendants Sheik, Black Diamond Food Group,

LLC, Black Diamond Food Group 1, LLC, Black Diamond Food Group 2, LLC, Fatburger

---

**Complaint for Damages**

1  Corporation, and Does 1 through 25, inclusive, from in or about July 2014 through August 12,

2  2017 when her employment was terminated by the Defendants. Defendants were informed that

3  the reason she was terminated was that she had threatened to report Defendants to the California

4  Department of Industrial Relations, Department of Labor Standards Enforcement for failing to

5  pay her wages when earned in violation of California law, and because Defendants believed it

6  was likely that Plaintiff would report to and cooperate with investigations by governmental

7  health and safety departments regarding unsafe and unhealthy working conditions Defendants'

8  restaurants. During the three years prior to the filing of this Complaint, Plaintiff worked at

9  Defendants' restaurants as a line cook and cashier. Plaintiff's job duties consisted of food

10 preparation, cleaning, and interacting with customers. Defendants knew that Plaintiff was the

11 primary breadwinner for her two young children and disabled husband.

12     8. Plaintiff began her tenure with Defendants' company at their downtown Los Angeles

13 Fatburger restaurant location, where she worked until August 2016 when the location closed its

14 doors. Plaintiff then was transferred to Defendants' Montebello Fatburger restaurant.

15     9. At both locations Plaintiff was forced to endure repeated burns to her arms due to the

16 constant grease splattering from the deep fryers which she manned daily. Her burns were entirely

17 preventable had Defendants complied with Plaintiff's repeated requests that they provide cooks

18 with protective mittens specifically manufactured for deep fryer use. Plaintiff complained about

19 the unsafe working conditions and unpaid wages to all the named  Defendants, including

20 Fatburger Corporation's Human Resources Department to no avail.

21     10. Plaintiff requests for protective safety gear continued due to the frequent burns to her

22 arms. When Defendants tired of Plaintiff requests for payment of her wages, which were

23 habitually paid late, and her complaints about unsafe working conditions, Defendants began

24 cutting back Plaintiff's working hours until she only was assigned to work only 3 hours per

25 week, in a deliberate and retaliatory effort to force Plaintiff to voluntarily resign. Defendants'

26 actions were taken despite their knowledge that Plaintiff's husband was disabled and she had two

27

28

---

**Complaint for Damages**

small children to care for. Defendants hoped to shield themselves from wrongful discharge and

unemployment insurance claims by this despicable and illegal scheme.

11. In addition to facing unsafe working conditions, Plaintiff and her co-workers were not

paid for all hours that she worked and was refused "premium pay" as required by Labor Code §

510(a).

12. Defendants regularly failed to pay Plaintiff and her coworkers on time. They withhold

the checks for as long as 2 - 3 weeks past the date wages were due. At times, Plaintiff received

partial cash payment of her wages on payday or the days ensuing. Defendants' random payment

of her wages caused Plaintiff significant stress and financial hardship, which she voiced to her

managers numerous times. As alleged above, Plaintiff became so fed up with her situation that

she informed her General Manager that if the sporadic payments continued she would have no

choice but to contact the "California Labor Board," in retaliation for which she was discharged.

### First Cause of Action Against All Defendants for Wrongful Termination in Violation of

### Public Policy

13. Plaintiff incorporates by this reference paragraphs 1 through 12 as if set forth hereat

in full.

14. Defendants wrongfully discharged Plaintiff because they feared that Plaintiff would

file complaints with the Los Angeles County Department of Health, and in retaliation for her

threat report her unpaid wages to the California Labor Board in violation of the fundamental

public policies protecting California employees set forth in California Labor Code §§ 204,

1102.5, and 6400(a).

15. California Labor Code section 204 provides, in pertinent part:

"All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or
204.2, earned by any person in any employment are due and payable twice during
each calendar month, on days designated in advance by the employer as the
regular paydays. Labor performed between the 1st and 15th days, inclusive, of
any calendar month shall be paid for between the 16th and the 26th day of the
month during which the labor was performed, and labor performed between the
16th and the last day, inclusive, of any calendar month, shall be paid for between
the 1st and 10th day of the following month."

1   Defendants regularly failed to pay Plaintiff within the statutorily required window, and when she

2   complained, they retaliated against her by cutting her hours, and eventually fired her, both of

3   which constitute adverse employment actions. Labor Code § 1102.5(b) provides in pertinent part

4   that "An employer, or any person acting on behalf of the employer, shall not retaliate against an

5   employee for disclosing information, or because the employer believes that the employee

6   disclosed or may disclose information, to a government or law enforcement agency…".

7      16. California Labor Code section 6400(a) provides: "Every employer shall furnish

8   employment and a place of employment that is safe and healthful for the employees therein."

9   Defendants created and maintained an extremely unsafe and unhealthful working environment at

10  their Fatburger restaurants.

11     17.  As a direct and proximate result of her wrongful discharge, Plaintiff lost her job, and

12  incurred loss of wages, medical expenses, emotional distress, depression, sadness,

13  embarrassment, feelings of helplessness, feelings of worthlessness, humiliation, and anger, all in

14  an amount not yet ascertained but in excess of One Million Dollars ($1,000,000.00) and

15  according to proof at the time of trial.

16     18. Defendants acted with malice, fraud, oppression, and in conscious disregard for

17  Plaintiff's rights. Defendant Sheik, a controlling and managing shareholder of the Black

18  Diamond defendants, and managing agent of all of the Defendants, knew of, ratified, and

19  approved of Plaintiff's mistreatment and she seeks exemplary and punitive damages in an

20  amount not yet ascertained but according to proof at the time of trial.

21  **Second Cause of Action Against All Defendants for Whistleblower Retaliation**

22  **(CA Lab. C. § 1102.5)**

23     19. Plaintiff incorporates by this reference paragraphs 1 through 18 as if set forth hereat

24  in full.

25     20.  Plaintiff's complaints about unsafe working conditions and Defendants' failure to

26  pay her wages is conduct protected by subsection (b) of Labor Code § 1102.5.

27

28

---

**Complaint for Damages**

6

21.  Defendants violated subsection (b) of 1102.5 when they sought to compel Plaintiff to resign by severely cutting back her working hours, and, when Plaintiff did not resign, by firing her in retaliation for her objections to the extremely unhealthy and unsafe conditions at the restaurant and unpaid wages, and her threat to contact the California Labor Board.

22.  As a direct and proximate result of Defendants' violations of the California Labor Code, Plaintiff lost her job, suffered loss of wages, medical expenses, emotional distress, depression, sadness, embarrassment, feelings of helplessness, feelings of worthlessness, and humiliation, and anger, all in an amount not yet ascertained but in excess of One Million Dollars ($1,000,000.00) and according to proof at the time of trial.

23.  Defendants acted with malice, fraud, oppression, and in conscious disregard for Plaintiff's rights. Defendant Sheik, a controlling and managing shareholder of the Black Diamond defendants, and managing agent of all of the Defendants, knew of, ratified, and approved of Plaintiff's mistreatment and she seeks exemplary and punitive damages in an amount not yet ascertained but according to proof at the time of trial.

**Third Cause of Action Against All Defendants for Intentional Infliction of Emotional Distress**

24. Plaintiff incorporates by this reference paragraphs 1 through 23 as if set forth hereat in full.

25. Defendants' conduct as described above was extreme and outrageous and was done with the intention of causing Plaintiff to suffer emotional distress. Any reasonable person who learned of Defendants' retaliatory animus and treatment of Plaintiff would exclaim "outrageous!" (CACI 1600.) Defendants refused to pay Plaintiff's wages on time and deliberately cut her hours to punish her when she complained, with the hope that Plaintiff would quit, and when she did not, Defendants terminated her employment in retaliation for seeking her wages and a healthful work environment, while acting with the knowledge that Plaintiff has a disabled husband and two very young children to take care of.  Such conduct is neither a normal nor expected risk of the employment relationship.

1    26. Plaintiff incurred lost wages and suffered severe emotional and mental distress,

2    anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.  Plaintiff does

3    not know at this time the exact duration or permanence of said injuries but is informed and

4    believes and thereon alleges that some if not all of the injuries are reasonably certain to be

5    permanent in character and in excess of One Million Dollars ($1,000,000.00).

6    27. Defendants acted with malice, fraud, oppression, and in conscious disregard for

7    Plaintiff's rights. Defendant Sheik, a controlling and managing shareholder of the Black

8    Diamond defendants, and managing agent of all of the Defendants, knew of, ratified, and

9    approved of Plaintiff's mistreatment and she seeks exemplary and punitive damages in an

10   amount not yet ascertained but according to proof at the time of trial.

11   **Fourth Cause of Action Against All Defendants for Unpaid Wages, Penalties, Interest and**

12   **Attorney's Fees**

13   **(CA Lab. C. §§ 203, 204, 1194)**

14   28. Plaintiff incorporates by this reference paragraphs 1 through 27 as if set forth hereat

15   in full.

16   29.  Between July 2014 and continuing through August 12, 2017, Plaintiff was employed

17   by Defendants at their Fatburger restaurants. She was not properly paid for all hours worked

18   30. Labor Code section 203(a) provides:

19   "If an employer willfully fails to pay, without abatement or reduction, in
20   accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of
     an employee who is discharged or who quits, the wages of the employee shall
21   continue as a penalty from the due date thereof at the same rate until paid or until
     an action therefor is commenced; but the wages shall not continue for more than
22   30 days."

23   Defendant has yet to pay her for all her hours worked up to termination.

24   31. Plaintiff seeks the wages withheld from her since her termination, penalties, interest,

25   costs and attorney's fees in an amount not yet ascertained, but according to proof.

26

27

28

---

**Complaint for Damages**

8

32.  Plaintiff seeks unpaid overtime wages "premium pay," Labor Code §§ 203, 226(e)(1), 226.7 penalties and attorney's fees and interest per Labor Code § 1194 in an amount not yet ascertained but according to proof at the time of trial, but in excess of $45,000.

### Fifth Cause of Action Against All Defendants for Unfair Competition

### (CA Bus. & Prof. C. § 17200 *et seq.*)

33.  Plaintiff incorporates by this reference paragraphs 1 through 32 as if set forth hereat in full.

34.  Plaintiff is informed and believes and thereon alleges Defendants' systematic violation of the above-referenced statutes and regulation constituted an unfair and unlawful business practice in violation of Business and Professions Code § 17200 *et seq.* Plaintiff is further informed and believes that the Defendants had knowledge of their unlawful practices and have actual knowledge of California's laws, but ignored them as to the Plaintiff.

35.  During the four years preceding the filing of this action, Plaintiff has suffered injury as a result of the above-referenced violations of California wage laws governing the payment of compensation to non-exempt employees.

36.  Plaintiff is a "person" within the meaning of Bus. & Prof. C. § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate relief.

37.  By engaging in the conduct herein alleged and failing to pay the proper wages either knew or with the exercise of reasonable care, Defendants should have known that their conduct was unlawful.  As such it is a violation of § 17204 of the Bus. & Prof. Code.

38.  As a proximate result of the unlawful conduct, Plaintiff is entitled to recover restitution in the form of her unpaid overtime wages, penalties, and interest in an amount not yet ascertained but according to proof at trial.

39.  This Court should make such orders or judgments as may be necessary to prevent the use or employment, by the Defendants and their agents or employees, of any unlawful or deceptive practice prohibited by the Business & Professions Code, and/or, including, but not

**Complaint for Damages**

9

limited to, restitution and disgorgement of Defendants' ill-gotten gains resulting from their wage theft.

**Sixth Cause of Action Against All Defendants for Failure to Produce Personnel Records for**

**Inspection and Reproduction**

**(CA Lab. C. § 1198.5)**

40.  Plaintiff incorporates by this reference paragraphs 1 through 39 as if set forth hereat in full.

41.  California Labor Code section 1198.5(k) provides:

"If an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified in this section, or times agreed to by mutual agreement as provided in this section, the current or former employee or the Labor Commissioner may recover a penalty of seven hundred fifty dollars ($750) from the employer."

42. Plaintiff requested her personnel file from Defendant in writing on October 24, 2017 but refused to provide it. Defendants actually received her written request for her records because shortly it was mailed, Defendant Sheik called Plaintiff and demanding to know what Plaintiff intended to due about her claims. When Plaintiff directed Sheik to call her attorney, he abruptly hung up on her.

43.  Plaintiff seeks a $750 penalty, an order compelling production of her personnel files, and attorney's fees for having to bring this action to enforce her rights.

**Seventh Cause of Action Against All Defendants for Incomplete and**

**Inaccurate Wage Statements**

**(CA Lab. C. § 226(a), (e))**

44.  Plaintiff incorporates by this reference paragraphs 1 through 43 as if set forth hereat in full.

45.  California Labor Code section 226 provides in relevant part:

"(a) An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employee, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing ... (8) the name and address of the legal entity that is the employer ... and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State

**Complaint for Damages**

10

of California. For purposes of this subdivision, "copy" includes a duplicate of the itemized statement provided to an employee or a computer-generated record that accurately shows all of the information required by this subdivision."

"(e)(1) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

Defendants never provided Plaintiff with code compliant pay stubs. The stubs she was provided did not include the name and address of Defendants', her employer. The only address attached to the stubs was that of the restaurant where she worked. Plaintiff contends that this was done to shield Defendants from litigation liability.

46. As a result of Defendants' intentionally fraudulent pay stubs, Plaintiff seeks penalties pursuant to Labor Code section 226(e)(1) and her attorney's fees for having to bring this cause of action to enforce her rights.

**Eighth Cause of Action Against All Defendants for Failure to Produce Itemized Wage**

**Statements for Inspection and Reproduction**

**(CA Lab. C. § 226(c)(h))**

47. Plaintiff incorporates by this reference Paragraphs 1 through 46 as if set forth hereat in full.

48. California Labor Code section 226 in relevant part provides:

"(b) An employer that is required by this code or any regulation adopted pursuant to this code to keep the information required by subdivision (a) shall afford current and former employees the right to inspect or copy records pertaining to their employment, upon reasonable request to the employer.

"(c) An employer who receives a written or oral request to inspect or copy records pursuant to subdivision (b) pertaining to a current or former employee shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request.

"(f) A failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer.

(h) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees."

---

**Complaint for Damages**

1    49. Plaintiff requested her itemized wage statements pursuant to Labor Code section

2    226(c). Defendants failed to produce *any* itemized wage statements requested.  Plaintiff seeks an

3    order compelling Defendants to produce all her itemized wage statements, a $750 penalty, and

4    her attorney's fees for having to bring this cause of action to enforce her rights.

### PRAYER

6    WHEREFORE, Plaintiff prays for relief as follows:

7    1.    For general damages according to proof but in the amount of at least One Million

8          Dollars ($1,000,000.00).

9    2.    For special damages according to proof;

10   3.    For attorney's fees on Plaintiff's Fourth, Sixth, Seventh and Eighth Causes of

11         Action;

12   4.    For punitive and exemplary damages on Plaintiff's First, Second and Third

13         Causes of Action;

14   5.    For orders compelling production of Plaintiff's personnel files (Sixth Cause of

15         Action), production of the itemized wage statements (Seventh Cause of Action),

16         and ordering restitution of the ill-gotten gains Defendants' obtained by their wage

17         theft (Fifth Cause of Action),

18   5.    For costs of suit according to proof, and

19   6.    For such further relief as the Court deems just and proper.

### PLAINTIFF DEMANDS A JURY TRIAL

LAW OFFICE OF DAVID CRAIG BERNSTEIN

July 12, 2018

David Craig Bernstein, Esq.
Attorney for Plaintiff Candace Marie Bars

**Complaint for Damages**

12

# EXHIBIT 3

1507 W. BEVERLY BLVD
MONTEBELLO, CA 90640

**Employee Name** CANDACE BARS                    **Id No.** 1

**For Period** 08/22/17 **to** 08/22/17          **Date** 08/22/17   **Check No.**

| Type | Rate | Hours | Current | Year to Date | Deductions | Current | Year to Date |
|------|------|-------|---------|--------------|------------|---------|--------------|
| Regular Pay | 11.75 | 36.64 | 430.52 | 8845.77 | Federal W/H | | 136.41 |
| Overtime | 17.63 | 7.23 | 127.46 | 339.74 | Social Security | 34.59 | 935.57 |
| Regular Pay | | | | 5904.51 | Medicare | 8.09 | 218.81 |
| | | | | | State W/H | | 97.09 |
| | | | | | State Other | 5.02 | 135.81 |
| **Totals** | | 43.87 | 557.98 | 15090.02 | **Totals** | 47.70 | 1523.69 |
| **Social Security** | | | | | **Net** | 510.28 | 13566.33 |

FIVE HUNDRED TEN DOLLARS and 28 CENTS

08/22/17                    $**510.28